

```
                                          FILED
                                       MAR 27 2008
                                  UNITED STATES BANKRUPTCY COURT
                                  EASTERN DISTRICT OF CALIFORNIA
```

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 07-27715-D-7 |
| IDOWU O. OGHOGHO, | Docket Control No. BSN-1 |
| Debtor. | Date: March 26, 2008<br>Time: 10:00 a.m.<br>Dept: D |

### MEMORANDUM DECISION

This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.

Idowu Oghogho (the "debtor") filed a Chapter 11 petition in pro se on September 20, 2007. At the debtor's request, the case was converted to Chapter 7 on February 13, 2008. On February 20, 2008 the debtor filed an Amended Schedule A-Real Property, and an Amended Schedule D-Creditors Holding Secured Claims (the "Amended Schedules").

The Amended Schedules list the debtor's interest in the real property commonly referred to as 2312 52nd Street, Sacramento, California (the "Property"), and values the Property at $220,000. The Amended Schedules list Downey Savings & Loan with a senior secured claim on the Property in the amount of $305,000 and Bank of America with a junior secured claim on the Property in excess of $19,000. The debtor is not making payments to either Downey

Savings & Loan or the Bank of America.

On March 6, 2008 Bank of America filed a motion for relief from stay and the motion came on for hearing at the time and date indicated above. Based on the value and secured claims stated in Amended Schedules, there is no equity in the Property.

Accordingly, the court finds that Bank of America's interest in the Property is not adequately protected and relief from stay is appropriate under section 362(b)(d)(1). In addition, as this is a Chapter 7 liquidation, the Property is not necessary for an effective reorganization. Accordingly, relief from stay is also appropriate pursuant to section 362(d)(2).

For the reasons set forth in this memorandum the court will issue an order granting Bank of America relief from stay.

Dated: March 27, 2008

*Robert Bardwil*
ROBERT S. BARDWIL
United States Bankruptcy Judge

## Certificate of Service

I certify that on **MAR 27 2008** a copy of the **foregoing document** was mailed to the following:

Office of the US Trustee
501 "I" Street, Suite 7-250
Sacramento, CA 95814

John Roberts
P.O. Box 1506
Placerville, CA 95667

Idowu Oghogho
P.O. Box 233216
Sacramento, CA 95823

Benjamin Nachimson
11755 Wilshire Blvd., 15th Fl.
Los Angeles, CA 90025-1506

FOR THE COURT
RICHARD G. HELTZEL
CLERK, U.S. BANKRUPTCY COURT

By: _____
　　　　Deputy Clerk